UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CRIMINAL ACTION NO. |
| VS.                         ) | 11-10152-RGS |
| ) | |
| MARK LEPAGE,          ) | |
| Defendant.                ) | |

**DEFENDANT MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS CELL SITE INFORMATION**

FACTS

On Monday, April 4, 2011, at approximately 1:13 p.m., the Eastern Bank located at 102 Lynn Street, in Peabody, Massachusetts, was robbed by an unidentified white male. According to police, the unidentified male allegedly grabbed a customer from behind, placing a gun to the back of his head, and demanded money. When police arrived on the scene, they reviewed surveillance video of the robbery. The suspect was wearing a hooded grey sweatshirt with the hood tied tightly around his face as to conceal his identity, and a pair of dark sunglasses. Still photos of the surveillance were sent out to other law enforcement through e-mail. According to police, several officers who had previously investigated the Defendant, Mark LePage, in the past, called and reported that they believed the person in the surveillance resembled the Defendant, although none were 100% certain.

As a result of this information, a photo array consisting of eight (8) individuals including the Defendant was compiled, and the Defendant was allegedly chosen as the alleged suspect. Police also went and spoke to the Defendant's former employer who allegedly informed police that the Defendant had entered his store on the day of the robbery around 10:00 a.m., and was wearing a grey sweatshirt at the time.

As a result of the above, on April 5, 2011 the Government sought a warrant pursuant to Federal Rule of Criminal procedure 41 and U.S.C. 2703 (c)(1)(A) from a Magistrate, requesting to obtain the Defendant's cell site information, which would allow them to determine the Defendant's precise location.[1]  Specifically, the affidavit indicated that the information would be used to locate the Defendant's whereabouts as to effectuate an arrest, as well as locate other items that may be on the Defendant's person which may link him to the robbery.  The Magistrate issued the warrant, which allowed the Government to acquire precise location data for a period of thirty days, starting within ten (10) days of the date of the warrant.

Thereafter, it appears, based on the discovery that has been provided to the Defendant's attorney, the Government obtained the Defendant's cell site information for April 4, 2011.  Thus, the Government requested cell site information for the alleged purpose of locating the Defendant to place him under arrest, but then obtained the cell site information for the previous day as to track the Defendant's location on the day of the bank robbery. In one police report, it does note that police were able to locate the Defendant at the address he was arrested as a result of the phone records. However, the Defendant is not in possession of any records that evidence the Defendant's cell site location at any time after the warrant was issued, but prior to his arrest on April 5, 2011. For the reasons discussed below, the Government should be excluded from using these records at trial, as well as any evidence that was seized from the Defendant when he was arrested.

ARGUMENT

All evidence seized as a result of the Defendant's arrest should be suppressed because his location at the time of his arrest was only determined as a result of the use of unlawfully obtained cell site information, as this type of information is not included under 18 U.S.C. § 2703.

---

[1] See attached.

Furthermore, even if the Court finds that the warrant in this case was valid, the Government should still be excluded from using the cell site information of the Defendant from April 4, 2011 at trial, as they were not obtained pursuant to a valid warrant based on probable cause.

No circuit court of appeals has addressed whether a district court may order a cell phone service provider to disclose to the government "prospective" cell site information upon a showing of less than probable cause. However, several district courts have addressed-and are divided over-the issue. In re Application of U.S. for Order, 497 F.Supp.2d 301, 303 -304 (D. Puerto Rico 2007).

Decisions granting requests for limited prospective cell site information include: In re Application for an Order Authorizing the Extension and Use of a Pen Register Device, 2007 WL 397129 (E.D.Cal. Feb.1, 2007); In re Application of the United States for an Order for Prospective Cell Site Location Information, 460 F.Supp.2d 448 (S.D.N.Y.2006); In the Matter of the Application of the United States of America, 433 F.Supp.2d 804 (S.D.Tex.2006); and In re Application for Disclosure of Telecommunications Records, 405 F.Supp.2d 435 (S.D.N.Y.2005).

Decisions denying the government's requests are at this point the majority and include: In the Matter of the Application of United States of America for an Order Authorizing the Disclosure of Prospective Cell Site Information, 2006 WL 2871743 (E.D.Wis. Oct. 6, 2006), *affirming decision of magistrate judge reported at* 412 F. Supp.2d. 947 (2006); In the Matter of the Application of the United States of America, 441 F.Supp.2d 816, 827-37 (S.D.Tex.2006); In Matter of Application for an Order Authorizing the Installation and Use of a Pen Register and Directing the Disclosure of Telecommunications Records, 439 F.Supp.2d 456 (D.Md.2006); In the Matter of the Application of the United States of America, 2006 WL 1876847 (N.D.Ind. July 5, 2006; In the Matter of the Application of the United States of America, 416 F.Supp.2d 390

(D.Md.2006) ("D.Md.I"); <u>In the Matter of the Application of the United States of America</u>, 415 F.Supp.2d 211 (W.D.N.Y.2006) *("W.D.N.Y.");* <u>In the Matter of the Application of the United States of America for an Order Authorizing the Release of Prospective Cell Site Information</u>, 407 F.Supp.2d 134, 134-35 (D.D.C.2006) (" *D.D.C.II");* <u>In re the Applications of the U.S. for Orders Authorizing the Disclosure of Cell Cite Information</u>, 2005 WL 3658531 (D.D.C. Oct. 26, 2005) (" *D.D.C.I"* ); and <u>In re an Application of U.S.A. for an Order (1) Authorizing the use of a Pen Register and a Trap and Trace Device and (2) Authorizing Release of Subscriber Information and/or Cell Site Information</u>, 384 F.Supp.2d 562, *and on reconsideration,* 396 F.Supp.2d 294 (E.D.N.Y.2005).

In this case, the Government specifically requested the Defendant's cell site information pursuant to 18 U.S.C. 2703 (c)(1)(A), the Stored Communications Act (SCA), as authority for seeking the warrant issued in this case. Further, the affidavit submitted in support of the warrant specifically requested this information so that the Defendant's location could be determined so that agents could place him under arrest. This request is thus, seeking information which will determine the Defendant's future location. The SCA specifically concerns stored records, and does not apply to real-time monitoring which essentially amounts to placing a tracking devise on the Defendant's person.

> "[a]s implied by its full title ('Stored Wire and Electronic Communications and Transactional Records Access'), the entire focus of the [Stored Communications Act] is to describe the circumstances under which the government can compel disclosure of existing communications and transaction records in the hands of third party service providers. Nothing in the [Stored Communications Act] contemplates a new form of ongoing surveillance in which law enforcement uses co-opted service provider facilities."

<u>Texas Magistrate Decision</u>, 396 F.Supp.2d at 760; *see also* <u>E.D.N.Y. Decision</u>, 396 F.Supp.2d at 313; <u>In the Matter of the Application of the United States of America</u>, 416 F.Supp.2d at 395 n. 7.

4

Another fact that supports the argument that cell site information is not included under the SCA is that the SCA does not contain the procedural safeguards of an ongoing surveillance statute See <u>In re Application of U.S. for Order</u>, 497 F.Supp.2d 301, 309 (D.Puerto Rico,2007). In that case, the court ultimately ruled that cell site information cannot be requested under the statute, not based on constitutional grounds, but because this type of information does not fall under the definitions of the statute.

> "The SCA's trail of definitions leads, inescapably in my judgment, to the conclusion that the discloseable information under the statute does not include location information. As indicated above, the provisions of the SCA apply to providers of an *"electronic communications service,"* and the "information" that may be obtained must pertain to the customer of such "service." "Electronic communications service" is defined as "any service which provides to users thereof the ability to send or receive *wire or electronic communications."* 18 U.S.C. § 2510(15) (emphasis supplied). Thus, in order for Section 2703(c) to apply, the information requested must pertain to "wire or electronic communications."

<u>Id</u>. at 310. The court found that the terms in the statute, cannot be read to encompass cell phone location data. <u>Id</u>. Although the court in that case ultimately concluded that the Government could go back and request the records by filing an application for a search warrant under Rule 41, in this case, the warrant was specifically issued by the Magistrate pursuant to 18 U.S.C. § 2703. Thus, the warrant should be deemed invalid. In this case, it was the information the Government obtained as a result of the warrant which ultimately led to the Defendant's arrest.  As such, all evidence seized as a result of the Defendant's arrest should be suppressed.

However, even if the Court decides that the warrant was valid in this case, the warrant only requested, and thus the Magistrate only authorized, records pertaining to the Defendant's future cell site information, as the information was allegedly being used to find the Defendant, and place him under arrest.  As such, there was no warrant issued in this case, and no showing of probable cause for that matter, to authorize the Government to obtain past records of the

Defendant's cell site locations. As is the majority view in the cases cited above including <u>In re Application of U.S. for Order</u>, 497 F.Supp.2d 301, 309 (D.Puerto Rico,2007), the Government needs to obtain a warrant based on probable cause for these records to be obtained.  As there was not even a request in this case for the past records, the Government should be excluded from using the Defendant's cell site information from April 4, 2011 at trial.

## CONCLUSION

For the foregoing reasons, the Defendant requests that this Court suppress all records obtained by the Government concerning the Defendant's cell site information.

        Respectfully submitted,
        FOR THE DEFENDANT,


          /s/ Michelle L. Brennan
        Michelle L. Brennan, Esq.
        LAW OFFICES OF BARRY P. WILSON
        240 Commercial Street, Suite 5A
        Boston, MA  02109
        (617) 248-8979
        (617) 523- 8700 (fax)
        BBO# 667058